UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AUBREY HALL,

      Plaintiff,

v.                                         Case No. 5:15cv27-WS-CJK

DAWSON, et al.,

      Defendants.
_____/

REPORT AND RECOMMENDATION

    On October 20, 2015, the court directed the United States Marshals Service ("USMS") to serve defendant Robert White by mailing the required documents to the special process server at Gulf Correctional Institution Annex. (Doc. 32). On January 4, 2016, service of process was returned unexecuted for White for the stated reason: "no longer employed at Gulf CI." (Doc. 45). The Florida Department of Corrections ("FDOC") subsequently provided the USMS with White's last known address. (Doc. 58). The USMS, however, was unable to serve White at the address. The USMS stated: "Spoke with neighbor who advised that Robert White has not lived there in 3 years. Also checked with post office who could not provide a forwarding address. Went to address twice." (Doc. 62). On December 29, 2016, the court ordered plaintiff to: (1) submit an address at which White could be served;

or (2) show cause why the claims against White should not be dismissed for failure to effect timely service. (Doc. 63).

In response, plaintiff suggested that:

White's present address can be obtained via [White's] mother who was employed, but now retired, with the [FDOC] at Gulf Correctional Institution [("GCI")] . . . as the property sergeant. On 1-4-17, plaintiff contacted [GCI] to obtain [White's] mother's first name (her last name is White) so that the court would be able to contact [White's] mother to obtain [White's] present address—especially since a mother would know the correct/present address of her own son. However, in spite of knowing [White's] mother's first/full name, [GCI] were deliberately uncooperative in refusing to provide [White's] mother's first/full name—even after plaintiff informed [GCI] about the court's order to show cause.

(Doc. 65). Plaintiff subsequently settled his claims against the other 4 defendants in this action, leaving White as the sole defendant. (Doc. 71).

In *Richardson v. Johnson*, the Eleventh Circuit "conclude[d] that, as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." 598 F.3d 734, 740 (11th Cir. 2010); *see also* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Here, the court and the USMS made reasonable efforts to serve defendant White.  After an unsuccessful attempt to serve White at GCI, the USMS made 2 attempts at the confidential address provided by the FDOC.  In addition, the USMS: (1) spoke with a neighbor of the FDOC-provided address who indicated White had not lived there for 3 years; and (2) unsuccessfully attempted to locate a forwarding address from the post office.  The court determined that following the suggestions set forth by plaintiff would require extraordinary—not merely reasonable—efforts.  Furthermore, the court noted: (1) plaintiff is no longer incarcerated; he was released from the FDOC's custody on January 24, 2016[*]; and (2) the rationale for burdening the USMS with the responsibility of locating and serving defendants on behalf of indigent litigants is less persuasive for individuals not subject to confinement.  *Cf. Richardson*, 598 F.3d at 739-40 ("It is unreasonable to expect *incarcerated* and unrepresented *prisoner*-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison.") (emphasis added).

Thus, on April 10, 2017, the court ordered plaintiff to, within 30 days, submit an address at which defendant White could be served or file a notice with the court voluntarily dismissing the claims against White.  (Doc. 72).  The court advised plaintiff that failing to comply with the order as instructed would result in a

_____

[*] *See* Florida Department of Corrections, Corrections Offender Network, Offender Information Search, http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited May 11, 2017).

recommendation that this case be dismissed. To date, plaintiff has not complied with the order.

Accordingly, it is respectfully RECOMMENDED:

1.      That plaintiff's claims against defendant White be DISMISSED due to plaintiff's failure to effect timely service under Fed. R. Civ. P. 4(m) and/or his failure to comply with an order of the court.

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of May, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**



NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.